[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS AND ORDERS ON PLAINTIFF'S MOTIONS TO OPEN AND MODIFY JUDGMENT(NO. 132) AND FOR CONTEMPT (NO. 133)
The foregoing motions were presented to the court and heard. Memoranda of law were filed. The court finds as follows:
The parties' marriage was dissolved on February 11, 1981. The defendant former husband was ordered to pay to the plaintiff former wife the sum of $600 per month as periodic alimony, together with $350 per month child support. On December 19, 1988, the court (Noren, J.) ordered that any payments in excess of $100 per week be suspended. A number of contempt motions were filed and heard, and on May 9, 1990, an arrearage of $13,830.73 was found due the plaintiff by the family support magistrate (FSM) (Hutchinson, M.), to be paid by an additional $107.76 per week. This arrearage has been fully paid. The plaintiff withdrew her motion for contempt.
The family support magistrate's ruling on May 9, 1990, could not, and did not, effect a modification of Judge Noren's order suspending payments in excess of $100 per week. The defendant points to nothing in the record which operated to modify or alter the order. Accordingly, the shortfall between the $100 per week actually paid by the defendant and the amount due the plaintiff under the original order is $166.67 per month, which continued to accrue. Calculated from May 9, 1990, to October 9, 1995, a period of 65 months, I find an arrearage now due the plaintiff of $10,833.55.
The defendant's gross income from his present employment is $486.98; from his U.S. Navy retirement, $234.64; his total net weekly income is now $562.51. At the time (December 9, 1988) Judge Noren suspended payments in excess of $100 per week, his total gross income was $355 per week and his net, $317 per week.
The defendant points to no persuasive reason in the record, and I see none, under the totality of the circumstances presented, why the suspension order should not be vacated and the alimony order reinstated in full.
Accordingly, the plaintiff's motion for modification is granted, and the following orders shall enter.
(1) The suspension order of December 19, 1988, is vacated, and the original alimony award of $600 per month is reinstated in full, effective October 9, 1995. CT Page 11316
(2) An arrearage is found due the plaintiff from the defendant of $10,833.55 as of October 9, 1995.
(3) The defendant shall pay to the plaintiff the sum of $75 per month toward said arrearage.
(4) The current alimony payment of $600 per month and the arrearage payment of $75 per month shall be secured by garnishment of the defendant's U.S. Navy pension benefits.
The plaintiff's motion for contempt is denied.
It is so ordered.
Teller, J.